UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JOSE SANTOS, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 07-2022 (RBK) |
| v. | : |  |
| MIKE POWERS, et al., | : | OPINION |
| Respondents. | : |  |

**APPEARANCES:**

>JOSE SANTOS, #441632B/295691
>East Jersey State Prison
>Lock Bag R
>Rahway, New Jersey  07065
>Petitioner Pro Se

**KUGLER**, District Judge

On April 24, 2007, Jose Santos filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Atlantic County, filed on October 31, 1997.  Pursuant to Habeas Rule 4, see 28 U.S.C. § 2254 Rule 4, this Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005) (federal court hearing habeas petition has power to raise limitations period sua sponte).  On July 6, 2007, Petitioner filed a responsive Memorandum of Law, arguing that the statute of limitations should be equitably tolled because Petitioner was mentally incompetent and heavily medicated from October 1999 through October 2002.  Because Petitioner did not exercise due diligence after regaining mental competence in October 2002, however, this Court will dismiss the Petition as time barred.

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Atlantic County, on October 31, 1997, after a jury found him guilty of 10 criminal charges, including first-degree murder and first-degree armed robbery.  See State v. Santos, 2006 WL 307694 *1 (N.J. Super., App. Div., Feb. 14, 2006).  The Law Division sentenced Petitioner to an aggregate term of life imprisonment plus 20 years, with 40 years of parole ineligibility.  Id.  Petitioner appealed, and on June 29, 1999, the Superior Court of New Jersey, Appellate Division, affirmed.  (Id.)  On October 26, 1999, the New Jersey Supreme Court denied certification.  See State v. Santos, 162 N.J. 198 (1999) (table).

"On October 28, 2002, [Petitioner] filed a pro se motion for post-conviction relief," and on April 8, 2004, counsel filed a supplemental petition.  Santos, 2006 WL 307694 *1.  Without conducting an evidentiary hearing, the Law Division denied relief by orders filed September 2, 2004, and November 22, 2004.  Id.  Petitioner appealed the Law Division's orders denying relief, and the Appellate Division affirmed on February 14, 2006.  Id.  The New Jersey Supreme Court denied certification on April 28, 2006.  See State v. Santos, 186 N.J. 608 (2006) (table).

Petitioner executed the § 2254 Petition which is now before this Court on April 24, 2007.  The Clerk of the Court received it on April 30, 2007.  The Petition raises seven grounds:

> Ground One:  SINCE OFFICER ROFF REFUSED TO STOP THE TAPE RECORDING AS PETITIONER REQUESTED, PETITIONER'S RIGHT TO TERMINATE QUESTIONING WAS VIOLATED AND THE TRIAL COURT DENIED PETITIONER HIS RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL.
>
> Ground Two:  THE FAILURE OF THE TRIAL COURT TO PROVIDE A JURY INSTRUCTION ON IDENTIFICATION WHERE THE SOLE DEFENSE WAS ONE OF

2

>MISIDENTIFICATION, DENIED THE DEFENDANT DUE PROCESS OF LAW AND A FAIR TRIAL.
>
>Ground Three: THE ERRONEOUS VERDICT SHEET INDICATING THAT THE JURY MUST FIRST CONSIDER WHETHER DEFENDANT IS GUILTY OF KNOWING AND PURPOSEFUL MURDER (2) CHARGE VIOLATED DEFENDANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW.
>
>Ground Four: DEFENDANT'S UNEQUIVOCAL REQUEST FOR AN ATTORNEY WAS NOT SCRUPULOUSLY HONORED BY LAW ENFORCEMENT OFFICERS AT THE TIME DEFENDANT WAS TAKEN INTO CUSTODY, AND THUS, HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION WERE VIOLATED.
>
>Ground Five: COUNSEL WAS INEFFECTIVE [IN THAT] COUNSEL FAILED TO HIRE ALL APPROPRIATE EXPERTS.
>
>Ground Six: COUNSEL WAS INEFFECTIVE [IN THAT] COUNSEL FAILED TO INVESTIGATE AND CALL ALL APPROPRIATE WITNESSES.
>
>Ground Seven: COUNSEL WAS INEFFECTIVE [IN THAT] COUNSEL FAILED TO TAKE APPROPRIATE ACTION WHEN ADVISED THAT A JUROR HAD SLEPT THROUGH PARTS OF THE TRIAL.

(Pet. Addendum II, Issues Presented to this Court at pp. 1 to 9.)

## II. DISCUSSION

A. Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

>    (A) the date on which the judgment became final by the conclusion
>    of direct review or the expiration of the time for seeking such
>    review;
>
>    (B) the date on which the impediment to filing an application
>    created by State action in violation of the Constitution or laws of
>    the United States is removed, if the applicant was prevented from
>    filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially
>    recognized by the Supreme Court, if the right has been newly
>    recognized by the Supreme Court and made retroactively
>    applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims
>    presented could have been discovered through the exercise of due
>    diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). A state postconviction application "'remains pending' until the application has achieved final resolution through the State's postconviction procedures." Lawrence v. Florida, __ U.S. __, 127 S. Ct. 1079, 1083 (2007) (citation and internal quotation marks omitted). "The application for state postconviction review is therefore not 'pending' after the state court's

4

postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Id.

The AEDPA statute of limitations is also subject to equitable tolling. See Miller, 145 F.3d at 618. "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence, 127 S. Ct. at 1085 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Nor is attorney error. See Lawrence v. Florida, _ U.S. _ 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel").[1]

---

[1] See also Johnson v. United States, 544 U.S. 295, 311 (2005) ("But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (equitable tolling is not permitted even where the petitioner relied on erroneous advice from his state public defender that he had one year from the state's denial of post-conviction relief to file his federal habeas petition); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

In this case, the applicable limitations provision is § 2244(d)(1)(A), the date on which the judgment became final by the conclusion of direct review. The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed October 26, 1999. See State v. Santos, 162 N.J. 198 (Oct. 26, 1999) (table). The statute of limitations therefore began to run 91 days later, on January 25, 2000, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). Absent equitable tolling, the limitations period ran from January 25, 2000, for 365 days until it expired on January 24, 2001.

Petitioner acknowledges in his responsive papers that the Petition is time barred, unless equitable tolling is warranted. Petitioner argues, however, that he is entitled to equitable tolling:

> Here, petitioner's position is that this court should equitably toll his time for filing his petition because he has in some extraordinary way been prevented from asserting his rights. See Jones, 195 F. 3d at 159.
>
> At this point it must be noted that petitioner is a "special needs" prisoner. From the inception of his incarceration, petitioner has been under the care of several psychiatrists and psychologists. Furthermore, petitioner is still under limited care of these doctors.

6

> During the period of October 1999 to October 2002, petitioner did not possess the adequate mental capability to pursue his claims because petitioner was heavily medicated pursuant to doctors' orders. (See attach 1 to 4). During that time period, petitioner suffered from anxiety disorder, NOS (Attach 1), Adjustment Disorder, Behavioral Outburst, and Suicidal Ideation (Attach 3). These conditions, along with the massive doses of medications taken by petitioner, debilitated petitioner's psyche to the point that he was unable to make rational decisions . . . .
>
> Here petitioner's position is that in October of 2002, once the dosage of his medication had been reduced and he was able to make rational decision[s], he exercised reasonable diligence and filed a petition for Post-Conviction Relief. Thus, petitioner request that the time for filing his petition be equitably tolled.

(Petitioner's Mem. of Law, pp. 3-5.)

Petitioner has attached three documents to his Memorandum of Law. The first document is Petitioner's Mental Health Treatment Plan chart, dated October 26, 2001. According to this chart record, Petitioner was diagnosed with Acute Sinusitis, Adjustment Disorder Unspecified, and Anxiety Disorder NOS. The chart indicates that Klonopin was prescribed. The second document is Petitioner's Mental Health Treatment Plan chart dated April 28, 2003. Petitioner was diagnosed with Acute Sinusitis, Hypermetropia, Malingering, Manipulation, and Adjustment Disorder with Mixed Emotions Disturb. The chart reflects that Petitioner's prescribed medications were Tenormin for six months, Aspirin for 12 months, and Desyrel (Trazodone HCL) for 30 days. The third document is an inter-office memorandum to Petitioner from the Executive Assistant's Office at East Jersey State Prison, dated June 15, 2007. The memorandum acknowledges Petitioner's request for a copy of his medical records and states that the office will not send copies of medical records to any third party even upon his request.

The United States Court of Appeals for the Third Circuit has observed that, while "mental incompetence is not a *per se* reason to toll a statute of limitations," mental incompetence may warrant equitable tolling where "the alleged mental incompetence [has] somehow . . . affected the petitioner's ability to file a timely habeas petition." Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). However, even if Petitioner's mental incompetence constituted an extraordinary circumstance, he is not eligible for equitable tolling where he failed to diligently pursue habeas relief after he regained his competence in October 2002. In that situation, the limitations period would be statutorily tolled from October 28, 2002 (when Petitioner filed his state petition for post-conviction relief) until April 28, 2006 (when the New Jersey Supreme Court denied certification from the denial of post-conviction relief). The problem is that Petitioner does not explain why he waited to file his § 2254 Petition for 360 days after the New Jersey Supreme Court finally denied post-conviction relief on April 28, 2006. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Petitioner's unexplained lack of diligence in pursuing federal habeas relief for an additional year after the state courts finally denied post-conviction relief precludes equitable tolling. See Pace, 125 S. Ct. at 1815 (In sitting on his rights for "months *after* his PCRA proceedings became final before deciding to seek relief in federal court[,] . . . [Petitioner's] lack of diligence precludes equity's operation"); see also Satterfield v. Johnson, 434 F. 3d 185, 196 (3d Cir. 2006) (where petitioner

waited nearly a year to initiate post-conviction relief proceeding after extraordinary circumstances were over, and waited eight months to file his habeas petition after dismissal of his post-conviction relief petition, "[s]uch a delay demonstrates that Satterfield did not diligently pursue available routes to collateral relief"); Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2006) ("Equitable tolling necessarily entails a showing that there is a basis to invoke equity. It follows that we have held that a habeas petitioner 'must show that he or she exercised reasonable diligence in investigating and bringing [his] claims.'") (quoting Miller, 145 F. 3d at 618-19); Mahmood v. Gonzales, 427 F. 3d 248, 253 (3d Cir. 2005) ("Taken together, these periods of unaccounted-for delay reveal a lack of diligence, and thus Mahmood is not entitled to [equitable] tolling"); LaCava v. Kyler, 398 F. 3d 271, 279 (3d Cir. 2005) ("Even if we were to conclude that LaCava was prevented by 'extraordinary circumstances' from receiving timely notice of the state court's disposition, he nonetheless failed to exercise reasonable diligence in pursuing his claims by passively waiting twenty-one months to make an inquiry into the status of his state proceeding"); Robinson v. Johnson, 313 F. 3d 128, 143 (2002) (where petitioner was only deprived of his legal papers for a few weeks of the year-long statute of limitations, he "has not alleged facts sufficient to show that 'sound legal principles as well as the interests of justice' demand pursuit of the 'sparing' doctrine of equitable tolling") (quoting Jones, 195 F. 3d at 159).

In the absence of equitable tolling, the limitations period expired on January 24, 2001, before Petitioner filed his state petition for post-conviction relief on October 28, 2002. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (state post conviction relief petition had no effect on tolling because the limitations period had already expired by the time it was filed); Schlueter

v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same). This Court will accordingly dismiss the Petition with prejudice as untimely.[2]

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

---

[2] No evidentiary hearing is necessary because, accepting Petitioner's allegations as true, he is not entitled to equity because he has not even attempted to explain his lack of diligence after he regained competency in failing to bring his § 2254 Petition for 360 days after the New Jersey Supreme Court denied certification from the denial of post-conviction relief. See LaCava v. Kyler, 398 F. 3d 271, 279 (3d Cir. 2005) (hearing on availability of equitable tolling not warranted where, "[e]ven if we were to conclude that LaCava was prevented by 'extraordinary circumstances' from receiving timely notice of the state court's disposition, he nonetheless failed to exercise reasonable diligence in pursuing his claims by passively waiting twenty-one months to make an inquiry into the status of his state proceeding"); Robinson v. Johnson, 313 F. 3d 128, 143 (3d Cir. 2002) (evidentiary hearing is not warranted where petitioner "has not demonstrated the diligence necessary to warrant an evidentiary hearing on his claim" of equitable tolling).

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice as untimely and denies a certificate of appealability.


                                       s/Robert B. Kugler
                                       **ROBERT B. KUGLER, U.S.D.J.**


DATED:     September 18    , 2007